CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2018 OCT 22   AM 8:38

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

LARRY DUNCAN

NO.

**3-18CR-536-M**

## PLEA AGREEMENT

Larry Duncan, the defendant, Barry Sorrels, the defendant's attorney, and the United States of America (the government) agree as follows:

1.   **Rights of the defendant**: The defendant understands that the defendant has the rights:

    a.    to have his case presented to a federal grand jury;

    b.    to plead not guilty;

    c.    to have a trial by jury;

    d.    to have the defendant's guilt proven beyond a reasonable doubt;

    e.    to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

    f.    against compelled self-incrimination.

2.   **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Counts One of the Information, charging a violation of 26 U.S.C. § 7201, that is, tax evasion. The defendant understands the nature

Plea Agreement—Page 1

and elements of the crime to which the defendant is pleading guilty, and agrees that the

factual resume the defendant has signed is true and will be submitted as evidence.

    3.    **Sentence**:  The maximum penalties the Court can impose for Count One

include:

    a.    imprisonment for a period not to exceed five years;

    b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment.  If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.    costs of incarceration and supervision.

    4.    **Sentencing agreement**:  Pursuant to Federal Rule of Criminal Procedure

11(c)(1)(C), the parties agree that the appropriate term of imprisonment in this case is one

that does not exceed one year or 12 months' imprisonment, which the parties believe

represents the top of the advisory guideline range.  If the Court accepts this plea

agreement, this sentencing provision is binding on the Court.  Other than the agreed

maximum term of imprisonment, there are no other sentencing limitations, and the Court

remains free to determine the appropriate sentence under the advisory United States Sentencing Guidelines and 18 U.S.C. § 3553.

5. **Rejection of agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant will be allowed to withdraw the defendant's guilty plea. If the defendant declines to withdraw the defendant's guilty plea, the disposition of the case may be less favorable than that contemplated by the plea agreement.

6. **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment in this case.

7. **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any

other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

8.    **Restitution to the IRS**:

    a.   The defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $39,717.00, which represents the defendant's tax loss for tax years 2012-2016.

    b.   The defendant agrees that the total amount of restitution reflected in this agreement results from the defendant's fraudulent conduct.

    c.   The total amount of restitution consists of the following:

        i.   2012 - $570.00

        ii.   2013 - $5,827.00

        iii.   2014 - $6,795.00

        iv.   2015 - $1,928.00

        v.   2016 - $24,597.00

    d.   The defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax liability until the IRS receives payment in full. The government will provide an updated interest figure at sentencing.

    e.   The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement,

in full, by the United States.  If the Court imposes a schedule of payments, defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.  The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4).  The defendant does not have the right to challenge the amount of this restitution-based assessment.  *See* 26 U.S.C. § 6201(a)(4)(C).  Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

f.  The defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered.  The defendant understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise defendant's obligation to pay any remaining civil tax liability.  The defendant authorizes release of

information to the IRS for purposes of making the civil tax and

restitution-based assessments.

g.  The defendant understands that he is not entitled to credit with the IRS

for any payment until the payment is received by the IRS.

h.  If full payment cannot be made immediately, defendant agrees to make

a complete and accurate financial disclosure to the IRS on forms

prescribed by the IRS (including, but not limited to, IRS Form 433-A

and Form 433-B, as appropriate), and to disclose to the IRS any and all

additional financial information and financial statements provided to the

probation office.  The defendant also agrees to provide the above-

described information to the probation office.

i.  If the defendant makes a payment of the restitution agreed to in

paragraph [8c] prior to sentencing, the payment will be applied as a

credit against the restitution ordered pursuant to paragraph [8f].

9.      **Government's agreement**: The government will not bring any additional

charges against the defendant based upon the conduct underlying and related to the

defendant's plea of guilty.  The government will file a Supplement in this case, as is

routinely done in every case, even though there may or may not be any additional terms.

This agreement is limited to the United States Attorney's Office for the Northern District

of Texas and does not bind any other federal, state, or local prosecuting authorities, nor

does it prohibit any civil or administrative proceeding against the defendant or any

property.

10.    **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge.  In such event, the defendant waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

11.    **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12.    **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court.  The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  The defendant further waives the defendant's right to seek any future reduction in the defendant's sentence (e.g., based on a change in sentencing guidelines or statutory law).  The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at

sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13.    **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14.    **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this ___ day of _____, 20___.


ERIN NEALY COX
UNITED STATES ATTORNEY


_____
ANDREW O. WIRMANI
Assistant United States Attorney
Texas Bar No. 24052287
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: (214) 659-8600
Fax: (214) 659-8809
Email: andrew.wirmani@usdoj.gov


_____
MARCUS BUSCH
Section Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

_____          10 - 12 - 18
LARRY DUNCAN                              Date
Defendant

I am the defendant's attorney.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____          10 . 12 · 18
BARRY SORRELS                             Date
Attorney for Defendant

**Plea Agreement—Page 10**